**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Eagle,<br><br>    Plaintiff,<br><br>v.<br><br>Bill Alexander Automotive Center, Inc.,<br><br>    Defendant. | No. CV11-1148-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Leave to File Under Seal (Doc. 60) and Defendant's Amended Motion for Protective Order (Doc. 67). Plaintiff has filed a response to Defendant's motion for a protective order (Doc. 68), whereby Plaintiff does not oppose Defendant's motion. Therefore, the Court will grant Defendant's motion for a protective order. The Court will also grant Defendant's motion for leave to file under seal for the following reasons.

Historically, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, such a right is not absolute. Nevertheless, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the filing is a dispositive pleading, or the "good cause" standard if the filing is a non-dispositive pleading. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Defendant requests leave to file six exhibits to their Motion for Summary Judgment (Doc. 64) under seal. Thus, Defendant must show a compelling reason to seal the exhibits. Plaintiff has not responded to the motion to seal. Defendant argues that

1  these six exhibits contain information that Defendant treats as confidential. A company's
2  proprietary information derives its value from the fact that it is not generally available,
3  thus preserving the company's competitive advantage. *See Elec. Arts, Inc. v. United*
4  *States Dist. Court*, 298 F. App'x 568, 569 (9th Cir. 2008). If a company's confidential
5  information is released into the public domain (even accidentally), it may lose its
6  confidential status, resulting in irremedial harm. *Ruckelshaus v. Monsanto Co.*, 467 U.S.
7  986, 1002 (1984). Thus, protection of a company's trade secrets or highly confidential
8  business information constitutes compelling reasons to seal documents submitted as part
9  of a dispositive motion. *See Ctr. for Food Safety v. Johanns*, 310 F. App'x 964, 965 (9th
10 Cir. 2009); *Elec. Arts*, 298 F. App'x at 569-70.

11     The exhibits Defendant requests to seal are confidential communications and
12 internal documents. The Court finds that Defendant has shown that filing this
13 information in the public record would be harmful to Defendant's competitive advantage
14 if it were misused. Therefore, compelling reasons exist to file the six exhibits listed in
15 Defendant's motion under seal.

16     Based on the foregoing,

17     **IT IS ORDERED** that Defendant's Motion for Leave to File Under Seal (Doc.
18 60) is granted.

19     **IT IS FURTHER ORDERED** that Defendant's Amended Motion for Protective
20 Order (Doc. 67) is granted and the protective terms in the motion shall be enforced in this
21 matter.

22     Dated this 7th day of August, 2013.

James A. Teilborg
Senior United States District Judge